# EXHIBIT A

9/18/2020 Step in the Right Direction-New Case Holds TCPA Doesn't Apply to Business Cell Phones-But Don't Get Excited Just Yet – TCPAWorld

Case 1:20-cv-00201-SRB Document 26-2 Filed 09/24/20 Page 2 of 3

| 11 | SEP 2020 | ADD A COMMENT |
|---|---|---|



Its one of the most dangerous traps in TCPAWorld. Companies engaged in B2B sales using technology regulated by the TCPA to make marketing calls to **business** numbers they find in various directories. While a stout DNC defense exists for calls to non-residential numbers, there is no corresponding defense for calls to business cell phones made using an ATDS or a pre-recorded voice.

Or is there?

In a new decision out last week a U.S. District Court in Idaho has held that the TCPA does not apply in favor of business cell phone subscribers at all. The decision is *Chennette v. Porch.com,* Case No. 20-cv-201, Doc. No. 24 (D. Id. Sept. 2, 2020) and is available here: Chennette

The *Chennette* court, relying primarily on an FCC ruling interpreting the scope of the scope of the DNC rules and my big ruling in *Stoops* (that prevents the application of the TCPA to people who use *the statute* as a business, not to *phones used* for business purposes) determines that a business phone subscriber lacks prudential standing to sue under the TCPA. And while ordinarily I'd jump up and down in excitement over such a novel ruling, it is tough to get excited about it when… well… how do I put this.

9/18/2020 Step in the Right Direction! New Case Holds TCPA Doesn't Apply to Business Cell Phones– But Don't Get Excited Just Yet – TCPAWorld

Case 1:20-cv-00201-SRB Document 26-2 Filed 09/24/20 Page 3 of 3

Hmm. Let's do it this way.

As already noted the FCC's analysis addressing the scope of the TCPA's DNC rules seems inapposite on the issue, not just because the FCC was looking at a different component of the law but because the DNC rules specifically reference "residential" phone lines; the ATDS' cellular phone restrictions do not. And *Stoops* has even less to do with the issue since that case looked at the exploitation of the statute by parties who knowingly invent lawsuits; but merely using a phone for business purposes, without more, is not the same thing as knowingly inviting or manufacturing TCPA violations.

So while I am encouraged and excited for the defendant in *Chennette*, I have to urge caution to TCPAWorld here. Please do NOT let anyone convince you that business cellular numbers are now somehow categorically exempt from the TCPA. Indeed, there are some repeat player TCPA plaintiffs out there who intentionally list their cell phone numbers as business numbers precisely with the intention of netting unconsented dialer calls– don't fall for it.

To review: The DNC rules generally do NOT apply to calls to businesses (but watch out where a business number is used for residential purposes.) But the TCPA's dialer and pre-recorded voice restrictions are generally held to apply to ANY cell phone (business or residential). While *Chennette* may represent a first step away from this dichotomy, callers should be cautious not to leap to any dangerous conclusions that might cost them their business or personal fortune.

Gentle enough?

Always happy to discuss.