# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF IDAHO
# SOUTHERN DIVISION

| | |
|---|---|
| NATHAN CHENNETTE, et. al.,<br><br>Plaintiffs,<br><br>vs.<br><br>PORCH.COM, INC, et. al.,<br><br>Defendants. | Case No. 1:20-cv-00201-SRB<br><br>**ORDER** |

Before the Court is Defendants' Motion for Costs and Fees (Doc. #25) and Plaintiffs' Motion to Retax (Doc. #30). For the reasons discussed below, Defendants' Motion for Costs and Fees is DENIED and Plaintiffs' Motion to Retax is GRANTED.

Defendants filed the instant motion after the Court granted Defendants' motion to dismiss (Doc. #24).[1] Pursuant to Federal Rule of Civil Procedure 54(d)(1) and D. Idaho Local Rule 54.1, Defendants request the Court award Defendants their costs incurred in this litigation. In their Bill of Costs (Doc. #28), the sole cost listed by Defendants is a $250.00 fee for filing a *pro hac vice* motion. The Clerk of Court taxed this cost against all Plaintiffs. (Doc. #29.) Plaintiffs subsequently filed a Motion to Retax, arguing the *pro hac vice* fee is not taxable.

Regarding the motion to retax, the Court agrees the *pro hac vice* fee is not a taxable cost. *See Kalitta Air LLC v. Central Texas Airborne Sys., Inc.*, 741 F.3d 955, 958 (9th Cir. 2013) ("Accordingly, because § 1914(b) allows a clerk to collect only those fees prescribed by the Judicial Conference, and the Judicial Conference has not specifically provided for *pro hac vice*

---

[1] This dismissal was affirmed by this Court's subsequent denial of Plaintiffs' motion to amend the judgment (Doc. #35).

fees, we conclude that § 1920(1) does not allow for an award of *pro hac vice* fees as taxable costs."). In their response, Defendants acknowledged that the *pro hac vice* fee is not taxable and accordingly withdrew their Bill of Costs and consented to vacating the costs taxed by the Clerk of Court. Consequently, Plaintiffs' motion to retax is granted.

Regarding the motion for costs, Defendants seek an award of at least $28,208.01 in attorneys' fees pursuant to 28 U.S.C. § 1927 and the Court's inherent authority. Under § 1927, a court may award attorneys' fees when an attorney "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. To award costs under this statute, the court must find Plaintiffs' counsel acted with "recklessness." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). Attorneys' fees are available under the Court's inherent authority "if the court finds bad faith or conduct tantamount to bad faith." *Id.* at 994. Upon review of the record and the circumstances of this case, the Court finds Plaintiffs' counsel did not act recklessly to multiply the proceedings unreasonably and vexatiously. The Court also finds Plaintiffs' counsel did not act in bad faith in pursuit of this litigation. The Court thus denies Defendants' request for an award of attorneys' fees.

Accordingly, it is hereby **ORDERED** that Defendants' Motion for Costs and Fees (Doc. #25) is DENIED and Plaintiffs' Motion to Retax (Doc. #30) is GRANTED. Defendants' Bill of Costs (Doc. #28) is hereby withdrawn, and the cost taxed against Plaintiffs (Doc. #29) is hereby vacated.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
JUDGE STEPHEN R. BOUGH
UNITED STATES DISTRICT COURT

DATE: November 2, 2020